IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NICHOLE WAGONER,**

    **Plaintiff,**

  **v.**                            **CIVIL ACTION NO. 1:07CV133**
                                      **(Judge Keeley)**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL**
**SECURITY,**

    **Defendant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    Pursuant to 28 U.S.C. §636(b)(1)(B), Rule 72(b), Federal Rules of Civil Procedure and Local Court Rule 4.01(d), on September 27, 2007, the Court referred this Social Security action to United States Magistrate James E. Seibert with directions to submit to the Court proposed findings of fact and a recommendation for disposition.

    On August 15, 2008, Magistrate Judge Seibert filed his Report and Recommendation and directed the parties, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e), Fed. R. Civ. P., to file with the Clerk of Court any written objections within ten (10) days after being served with a copy of the Report and Recommendation and further directed the parties that failure to file objections would result in a waiver of the right to appeal from the judgment of this Court. The parties did not file any objections.

**WAGONER V. ASTRUE, COMMISSIONER OF SOCIAL SECURITY          1:07CV133**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

In Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990), the Fourth Circuit held that the Administrative Law Judge ("ALJ") bears the ultimate responsibility for weighing the evidence and resolving any conflicts, and that, in reviewing for substantial evidence, the reviewing court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. Here, the Magistrate Judge determined that

> although, the ALJ's decision appears supported by substantial evidence, the ALJ failed to demonstrate his consideration of 1) a portion of Ms. Wilson's August 2006 report, and 2) Claimant's limited ability to maintain a regular workday or workweek. . . .

Therefore, the Magistrate Judge recommended that this matter be remanded for further consideration.

Upon consideration of the Magistrate Judge's recommendation and having received no written objections,[1] the Court accepts and approves the Report and Recommendation. Accordingly, it is **ORDERED** that Magistrate Judge Seibert's Report and Recommendation is

---

[1] The failure of the parties to object to the Report and Recommendation not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

accepted in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate. Accordingly,

1. The plaintiff's motion for Summary Judgment (Docket No. 14) is **GRANTED-IN-PART**;

2. The defendant's motion for Summary Judgment (Docket No. 17) is **DENIED**;

3. The plaintiff's claim is **REMANDED** to the Commissioner for further proceedings consistent with the recommendations made by Magistrate Judge Seibert in his August 15, 2008 report and recommendation; and

4. This civil action is **DISMISSED WITH PREJUDICE** and **RETIRED** from the docket of this Court.

The Clerk of Court is directed to enter a separate judgment order. Fed.R.Civ.P. 58. On September 12, 2008, counsel for the plaintiff filed a motion for attorney fees. When the motion for attorney fees is fully briefed, the Court will address the motion.

The Clerk of the Court is directed to transmit copies of this Order to counsel of record.

DATED: September 18, 2008.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE